**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUSTIN ROBERT MARTIN,

        Plaintiff - Appellee,

  v.

MIGUEL FULLER-BRISBON; JAMES
BUCKLEY,

        Defendants - Appellants.

No. 24-404

D.C. No. 2:22-cv-02083-GMN-EJY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted June 18, 2025[**]

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

    Defendants-appellants appeal from the district court's interlocutory order

denying their motion to dismiss, on the basis of qualified immunity, Dustin Robert

Martin's 42 U.S.C. § 1983 action alleging a failure-to-protect claim. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *Garraway v. Ciufo*, 113 F.4th 1210, 1216 (9th Cir. 2024). We review de novo. *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010). We affirm.

The district court properly denied qualified immunity because Martin alleged facts sufficient to show that defendants-appellants knew of and disregarded an objective risk of serious harm to Martin, and defendants-appellants' actions contravened clearly established law at the time of the incident. *See Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (setting forth requirements to show violation of Eighth Amendment duty to protect prisoners); *Dunn*, 621 F.3d at 1199 (setting forth requirements for qualified immunity to apply); *Robinson v. Prunty*, 249 F.3d 862, 867 (9th Cir. 2001) (explaining that it is unlawful under the Eighth Amendment to be aware of and disregard the risk of violent outbreaks from placing certain inmates together, and this unlawfulness was clearly established).

Martin's motion (Docket Entry No. 23) for an extension of time to file the answering brief is denied as unnecessary because the answering brief was submitted at Docket Entry No. 20. The clerk will file the briefs submitted at Docket Entry Nos. 20 and 24.

**AFFIRMED.**